# IN the MATTER OF DISCIPLINARY PROCEED-INGS AGAINST Tarly DALL, Attorney at Law.

Supreme Court

*No. 89-0472-D. Submitted on briefs October 5, 1990.—Decided November 26, 1990.*

(Also reported in 462 N.W.2d 524.)

For the appellant there was a brief by *Gerald P. Boyle,* Milwaukee.

For the Board of Attorneys Professional Responsibility there was a brief by *Jeananne L. Danner.*

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

This is an appeal by the respondent attorney from the referee's recommendation that his license to practice law in Wisconsin be revoked as discipline for professional misconduct. Because the respondent, Attorney Tarly S. Dall, stipulated to the facts alleged in the complaint of the Board of Attorneys Professional Responsibility (Board) and did not contest the conclusions of law

the referee made upon those facts, the only issue in this appeal is what discipline should be imposed for Attorney Dall's misconduct.

We determine that the nature and extent of Attorney Dall's professional misconduct warrants the revocation of his license to practice law in Wisconsin. He misused his client trust account, converted client funds to his own use, failed to do the work for which he had been retained and made numerous misrepresentations to clients, the courts and the Board of Attorneys Professional Responsibility. That misconduct, set forth at length below, demonstrates that Attorney Dall lacks the fundamental honesty and trustworthiness required of persons licensed by this court to represent others in our legal system.

Attorney Dall was licensed to practice law in Wisconsin in 1983 and practices in Milwaukee. This is the first disciplinary proceeding of which he has been the subject. The referee is Attorney Norman Anderson.

Based on the facts to which Attorney Dall had stipulated, the referee made the following findings.

(1) In April, 1983, a man retained Attorney Dall to represent him in regard to his discharge from employment. A labor arbitrator found that there had been good cause to discharge the client from his employment and the Federal Equal Employment Opportunity Commission determined there was no probable cause to find discrimination. As a consequence, the client was informed that he had 90 days in which to file an action in federal court.

Attorney Dall told the client he would file a federal discrimination action and subsequently told him on several occasions that the action had been filed and that he was taking care of the matter. He also advised the client that the employer had refused service of process, that he

had personally served the employer, that the judge assigned to the case had to conclude another trial before beginning the client's case and that Attorney Dall had asked another attorney to assist him and that attorney suffered a heart attack and Attorney Dall had then obtained the assistance of another attorney. Sixteen months later Attorney Dall signed a summons and complaint for a federal action but the action was never filed. Approximately a year and a half later, the client discovered that no action had been filed and retained other counsel.

The referee concluded that Attorney Dall engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4),[1] and that his failure to file an action on his client's behalf constituted neglect of a client's legal matter, in violation of SCR 20.32(3).[2]

(2) In November, 1985, Attorney Dall was retained to represent a man on two criminal misdemeanor offenses—operating a motor vehicle after revocation and hit and run. He entered into a written fee agreement with the client in which he "guaranteed" that on one of the charges the client would not spend any time in jail and the charge would not appear on his driver's record and that on the other charge the client would not spend any time in jail and "more likely than not" the charge

---

[1]SCR 20.04 provides: "**Misconduct.** A lawyer shall not: . . . (4) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:8.4(c).

[2]SCR 20.32 provides: "A lawyer may not: . . . (3) Neglect a legal matter entrusted to the lawyer."

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.3.

would be reduced, failing either of which Attorney Dall would refund in full the fees paid by the client.

The referee concluded that such agreement constituted a contingent fee agreement in a criminal matter, prohibited by SCR 20.12(3).[3]

(3)  In April, 1984, a man retained Attorney Dall to represent him on a first offense drunk driving charge in Minnesota and paid him $1,000. Attorney Dall later told the client he had obtained local counsel in Minnesota to assist in the matter but, in fact, he had not.

In July, 1984, Attorney Dall wrote to the Minnesota city attorney requesting an adjournment of a scheduled hearing and asked if the matter could be resolved. The city attorney told Attorney Dall that the usual penalty for a first offense was a $440 fine and an alcohol assessment but no jail time. Attorney Dall then wrote to his client that through "numerous negotiations" he had persuaded the judge and the city attorney to impose a $440 fine, without any jail time or loss of license, stating that this was a "substantial break," as the judge usually ordered some jail time and loss of license. The client told Attorney Dall that he would agree to those terms if he were assured that Wisconsin would not be notified of the conviction.

Shortly thereafter, the city attorney told Attorney Dall that there was a mandatory 90-day license suspension or, if a guilty plea was entered, a 30-day suspension. The city attorney sent Attorney Dall a petition with which to enter a guilty plea and stated that upon receipt of the signed petition and a check for $440, the matter

---

[3]SCR 20.12 provides: "**Fees for legal services.** . . . (3) A lawyer may not enter into an arrangement for, charge or collect a contingent fee for representing a defendant in a criminal case."

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.5.

would be presented to the court for sentencing. After the city attorney twice asked Attorney Dall to return the petition, the court scheduled a pretrial but Attorney Dall did not advise his client of it. Neither Attorney Dall nor his client appeared at the pretrial, whereupon the court issued a bench warrant for the client's arrest and certified a conviction but imposed no sentence. The city attorney advised Attorney Dall of the result of that hearing.

After unsuccessfully having tried to reach Attorney Dall for almost 12 months, the client contacted Attorney Dall one month after the hearing was held and told him he wanted to do anything to avoid a conviction on his Wisconsin driving record. Attorney Dall responded that he would negotiate an agreement whereby Wisconsin would not be notified of any conviction. However, shortly thereafter, the client received a notice from the Wisconsin Department of Transportation that his license had been revoked for one year as a result of the Minnesota conviction.

When the client told him of that revocation, Attorney Dall said there must have been some mistake and that he would reopen the case. He later told the client that the court file had been lost and that the city attorney had refused to talk with him. He subsequently told the client that he had spoken with the judge, who had said he would find out whether Wisconsin would have to be notified of the conviction. Thereafter, the client had difficulty contacting Attorney Dall and when he received no response to a certified letter, he filed a grievance with the Board. The client subsequently signed a guilty plea petition and paid the $440 fine; his license was revoked for 30 days in Minnesota and his Wisconsin license revocation was reduced to a 30-day suspension.

During the course of the investigation of client's grievance, Attorney Dall represented to the Board that he had retained co-counsel in Minnesota, that he had been in continuous contact with the judge and city attorney and had made numerous calls to the latter and that they had agreed that Wisconsin would not be notified of the Minnesota conviction. Contrary to those representations, Attorney Dall never obtained co-counsel in Minnesota, made only one telephone call to the city attorney, had no contact with the judge and neither the city attorney nor the judge agreed that Wisconsin would not be notified of the Minnesota conviction.

The referee concluded that Attorney Dall neglected his client's legal matter, in violation of SCR 20.32(3), engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4), and made misrepresentations to the Board during its investigation, in violation of SCR 22.07(2).[4]

(4)   In March, 1986, a man retained Attorney Dall to represent his grandson, a juvenile, who had been charged with burglary and car theft and waived into adult court. He paid Attorney Dall $500 to meet with the grandson, attend a court hearing and meet with the district attorney on a specific date. Attorney Dall later told

---

[4]SCR 22.07 provides:

. . .

(2)   During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

the grandfather that the district attorney would not meet with him on that date because it was a holiday and later told him that he was getting concessions from the district attorney. In fact, although he attempted to call the district attorney and sent him a letter, he never had any discussions with the district attorney. Attorney Dall did meet with the grandson, spoke with the probation officer and had several conversations with another attorney representing the grandson.

Shortly thereafter, the grandson reached the age of majority and elected to have the other attorney continue representing him. The grandfather then requested the return of the $500 retainer and Attorney Dall agreed to return it. He did not do so, however, until seven months later and after the grandfather had filed a grievance with the Board.

The referee concluded that the failure to return the retainer constituted a failure to promptly return unearned fees, in violation of SCR 20.16(1)(c).[5] He also concluded that Attorney Dall had engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4), and neglected his client's legal matter, in violation of SCR 20.32(3).

(5)   In June, 1984, a woman retained Attorney Dall to represent her on a charge of operating a motor vehicle while intoxicated and gave him a $1,500 retainer. Attorney Dall filed a not guilty plea and jury demand on his client's behalf. Although he wrote to the police depart-

---

[5]SCR 20.16 provides: "**Withdrawal from employment.** (1) In General . . .. (c) A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned."

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.16(d).

ment to preserve the breathalyzer ampule, stating that his expert would test it, the ampule was never tested.

While that matter was pending, the client was arrested for drunk driving and refusal to submit to a breathalyzer. She retained Attorney Dall to represent her in that matter and paid him a $1,500 retainer. He entered a not guilty plea and jury demand on her behalf. Subsequently, Attorney Dall had the OWI trial adjourned based on an agreement that his client would enter a guilty plea, notwithstanding that he had not advised his client and she had not agreed to enter a guilty plea.

Attorney Dall stipulated to having the first OWI case transferred to the municipal court upon the agreement that his client would enter a guilty plea. A trial date was set but neither Attorney Dall nor the client appeared and a warrant was issued for the client's arrest. The client then discharged Attorney Dall and retained new counsel, who had the warrant withdrawn.

At the hearing in the refusal matter, Attorney Dall stipulated that his client's refusal had been unlawful, with the result that the client's driver's license was revoked for six months. However, the client had not agreed to stipulate to the unlawfulness of the refusal and, when she subsequently received notice of the revocation, Attorney Dall told her the revocation was an error and that it had been stayed pending the outcome of the OWI case. In fact, the revocation had not been stayed.

The second OWI case was transferred to municipal court. As a result of an error, neither Attorney Dall nor his client was notified of the trial date and when they failed to appear, a warrant issued for the client's arrest. After being discharged, Attorney Dall had the warrant withdrawn. In neither of the OWI cases had the client given Attorney Dall authority to agree that she would

plead guilty and Attorney Dall never explained to her that having the cases remanded to municipal court would result in her waiving her right to a jury trial.

During the course of these matters, the client gave Attorney Dall $1,500 to hold in his trust account; upon Attorney Dall's suggestion, $500 was to be donated to a policemen's bulletproof vest fund, a donation Attorney Dall agreed to match. He suggested it as a "nice gesture" which would be favorably considered by the city attorney in the pending actions. Attorney Dall never made the donation, neither his client's $500 nor his own.

Of the remaining $1,000 held in trust, $500 was to be used for possible appeals, $200 for a protective order for the client's chauffeur license and $300 to depose the arresting officer in the breathalyzer refusal case, even though there are no provisions in the law for taking depositions in a traffic case or obtaining a protective order. In any event, Attorney Dall did not seek court permission to conduct the depositions or seek to obtain any protective order. Moreover, rather than being placed in Attorney Dall's trust account, the client's funds were deposited into his office account and disbursed for matters unrelated to the client's case. Attorney Dall eventually repaid those funds to the client after the client had filed a grievance with the Board.

In responding to the Board following the client's grievance, Attorney Dall prepared a letter purported to have been written some 14 months earlier in which he asked the client what she wanted him to do with the $500 proposed for donation to the policemen's fund, as he found he was unable to make the matching donation. Attorney Dall sent the backdated letter to his client's new attorney, claiming it had been sent on the date shown on the letter. In addition, Attorney Dall prepared and backdated two motions, claiming he had filed them

in his client's cases. He provided a copy of the letter and the motions to the Board. He later told the Board that the letter had not been sent to the client but was intended only to serve as a memorandum.

The referee concluded that Attorney Dall engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4), neglected his client's legal matter, in violation of SCR 20.32(3), charged his client an excessive fee, in violation of SCR 20.12(1),[6] suggested to his client that he was in a position to influence a tribunal or public official, in violation of SCR 20.49(3),[7] failed to deposit client funds into a trust account, commingled client funds with his personal funds and converted them to his own use, in violation of SCR 11.05(1)[8] and 20.50,[9] and made misrepresentations

---

[6]SCR 20.12 provides: "**Fees for legal services.** (1) A lawyer may not enter into an agreement for, charge or collect an illegal or clearly excessive fee."

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.5.

[7]SCR 20.49 provides: "**Avoiding even the appearance of impropriety.** . . . (3) A lawyer may not state or imply that he or she is able to influence improperly or upon irrelevant grounds any tribunal, legislative body or public official."

[8]SCR 11.05 provides:

> **Trust accounts required.** (1) A member of the state bar shall not commingle the money or other property of a client with his or her own, and he or she shall promptly report to the client the receipt by him or her of all money and other property belonging to the client. Unless the client otherwise directs in writing, whenever an attorney collects any sum of money upon any action, claim or proceeding, either by way of settlement or after trial or hearing, he or she shall promptly deposit his or her client's funds in a bank, trust company, credit union or savings and loan association, authorized to do business in this state, in an account separate from his or her own account and clearly designated as "Clients' Funds Account" or "Trust Funds Account," or words of similar import . . ..

to the Board in the course of its investigation, in violation of SCR 22.07(2).

(6) In September, 1984, a man retained Attorney Dall to represent him on a charge of operating a motor vehicle under the influence of intoxicants, for which he paid him $900. Attorney Dall had the trial date adjourned on the basis that the matter could be set for a guilty plea hearing, although he had not informed his client of any plea agreement and did not have the client's consent to enter into such an agreement. The client was not notified of the guilty plea hearing and at that hearing Attorney Dall told the court that he did not know the whereabouts of his client. As a consequence, the court entered a default judgment.

In response to the grievance filed by the client after learning of the default judgment, Attorney Dall told the Board he had sent letters advising the client of the pretrial conference, of the jury trial and guilty plea hearing,

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.15(a).

[9]SCR 20.50 provides:

**Preserving identity of funds and property of a client.** (1) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm may be deposited in such an account except as follows:

(a) Funds reasonably sufficient to pay bank charges may be deposited in the account.

(b) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited in the account, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion may not be withdrawn until the dispute is finally resolved.

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.15(a).

at which his appearance was mandatory, and of the entry of the default judgment. In fact, Attorney Dall had not sent those letters to the client but prepared and backdated them after the Board sent him a copy of the client's grievance.

The referee concluded that Attorney Dall neglected this client's legal matter, in violation of SCR 20.32(3), and that his fabrication of letters and misrepresentations to the Board violated SCR 20.04(4) and 22.07(2).

(7) In December, 1984, a man retained Attorney Dall to represent him on a charge of operating a motor vehicle while intoxicated, for which he paid a $500 retainer. Attorney Dall did not advise his client of the trial date and when his request for an adjournment was denied, he gave the file to an associate to appear. Because the client did not appear, the court entered a default judgment.

Four days after the trial, Attorney Dall sent the client a letter stating that his fees must be paid prior to the final disposition of the case; he did not mention in the letter that the court had entered a default judgment against the client. Attorney Dall later told the Board that it is his policy not to inform clients of the results of their cases until his fees have been paid.

When he tried to contact Attorney Dall, the client was told that he was on vacation and that nothing had happened in his case. The client subsequently received notice of the default judgment and when he called Attorney Dall, he was told that it was a mistake.

In response to the client's grievance, Attorney Dall told the Board he had sent his client a letter asking that he contact him but received no response. He also stated that he tried to call the client but was unsuccessful in reaching him. In fact, Attorney Dall fabricated that letter and had not attempted to call the client.

The referee concluded that Attorney Dall neglected this legal matter, in violation of SCR 20.32(3), and that his fabrication of the letter and his misrepresentation to the Board violated SCR 20.04(4) and 22.07(2).

(8)   In October, 1984, a man retained Attorney Dall to represent him on a charge of operating a motor vehicle while intoxicated; three months later, he retained him to represent him on another traffic charge. Attorney Dall told his client he would not have to appear in court unless Attorney Dall specifically told him otherwise.

Attorney Dall negotiated a plea agreement on the OWI charge without first obtaining the approval of his client and the matter was set for a plea hearing. When he subsequently spoke to his client, Attorney Dall told him he was trying to have the charge reduced to reckless driving. The court sent a copy of the notice of the plea hearing to the client but Attorney Dall did not tell the client to appear. Consequently, the client did not appear at that hearing; neither did Attorney Dall. As a result, the court entered a default judgment pursuant to the terms of the agreement Attorney Dall had entered into.

In responding to the Board during its investigation of the client's grievance, Attorney Dall stated that the city attorney had agreed to an adjournment of the guilty plea hearing. In fact, there had been no such agreement. Attorney Dall also told the Board that he had sent the client a letter advising him to appear at the scheduled hearing. Attorney Dall had written no such letter but later fabricated it in response to the client's grievance.

The referee concluded that Attorney Dall neglected this legal matter, in violation of SCR 20.32(3), and that his misrepresentations to his client and to the Board violated SCR 20.04(4) and 22.07(2).

(9)   In September, 1984, a man retained Attorney Dall to represent him on a charge of operating a motor

vehicle while intoxicated and two other traffic charges. Although he had notice, Attorney Dall did not appear at a final conference in those matters and, as a result, default judgments were entered against his client and the client's driver's license was suspended for three months. When the client received notice of the default judgments and contacted him, Attorney Dall said the defaults were a mistake and that he would reopen the cases. He also advised the client to ignore any license suspension orders and that he could continue to drive. However, Attorney Dall did not file any motion to reopen the default judgments and the court subsequently issued a warrant for the client's arrest.

The following month, the client was involved in an accident and charged with injury by intoxicated use of a motor vehicle and operating after license suspension. The client retained Attorney Dall to represent him on those charges and in a related civil action.

Attorney Dall obtained an agreement with the city attorney whereby the operating after suspension charge would be dismissed if the client pleaded guilty to the other charge. Attorney Dall did not appear at the hearing on the operating after suspension charge and a default judgment was entered against his client. Subsequently, a warrant was issued for the client's arrest for his failure to pay the fine imposed in that case.

The client entered a guilty plea to the charge of injury by intoxicated use of a motor vehicle. At the sentencing hearing, the court offered him the choice of either one year in jail or one year in jail with work release privileges and two years' probation. The client chose the latter but later changed his mind and decided to appeal his conviction, for which he retained Attorney Dall and paid him $600 in fees. Attorney Dall agreed to file an appeal and advised the client not to report to the

work release center as he had been ordered to do. Although he filed a notice of appeal and arranged for the filing of the transcript and record, Attorney Dall failed to file a brief and the appeal was dismissed.

After the court issued a warrant for the client's arrest following his failure to report to the work release center, Attorney Dall told the client that the warrant was a mistake and that he would take care of the matter forthwith. Three days later he told the client that there were no outstanding warrants and that he would appear in court to make sure that any problems had been resolved. Shortly thereafter, however, a warrant was issued for the client's arrest by the probation department.

After learning of the arrest warrant, the client contacted Attorney Dall, who told him to appear at a court hearing and tell the court that he had failed to report to the work release center due to his wife's illness. The client did so and the court ordered the arrest warrant withdrawn and again ordered the client to report to work release. The client reported as ordered and paid the fine; the arrest warrant was withdrawn. The client subsequently retained other counsel, who reopened the OWI conviction, had the operating after suspension conviction dismissed and filed a sentence modification motion.

The referee concluded that Attorney Dall's advising his client to disregard court orders and ignore the license suspension and the order to report to work release violated SCR 20.40(1),[10] and that he neglected this client's legal matters, in violation of SCR 20.32(3).

---

[10]SCR 20.40 provides: "**Trial conduct.** (1) A lawyer may not disregard or advise a client to disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding, but the lawyer may take appropriate steps in good faith to test the validity of the rule or ruling."

(10)   In April, 1986, a man retained Attorney Dall to represent him on a charge of operating a motor vehicle while intoxicated and two other charges. On the day of trial, Attorney Dall told the client he was unprepared to try the case and instructed the client not to appear, saying that he would tell the court the client was ill and unable to appear for trial. The client did as instructed and Attorney Dall told the court his client was ill. The court entered default judgments against the client but stayed entry of those judgments for three months and ordered the client to pay court costs. Attorney Dall then informed the client that the case had been continued but did not tell him that default judgments had been entered or that he was ordered to pay court costs. Shortly after the trial date, the client moved to Illinois and promptly gave Attorney Dall his new address.

Thereafter, Attorney Dall told the client that the district attorney had rejected a plea offer in the traffic cases, that the trial had been postponed and that the client need not appear in court. Attorney Dall appeared on the date to which the trial had been continued and told the court that he had not advised his client of the court costs that had been imposed. The court then adjourned the matter for three days. Attorney Dall neither contacted his client nor appeared on the adjourned date and, as a result, the court entered default judgments against the client.

Attorney Dall then obtained a hearing at which he told the court that he had since notified the client of the order to pay costs and had received the client's payment. In fact, Attorney Dall had no contact with the client and paid the court costs from his own funds. In any event, the court refused to vacate the default judgments. Attor-

---

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:3.4.

ney Dall then told his client that the court had entered default judgments, as the court costs had not been paid and the court would not accept payment of those costs from him.

Attorney Dall also told the client that he would reopen the default judgments on two of the charges and return one-half of the client's fee. Those charges were reopened and dismissed but Attorney Dall did not return any of the client's fee.

In his response to the client's grievance, Attorney Dall told the Board that the client had not given him his new address in Illinois until after the court refused to vacate the default judgments. In fact, the client provided his new address three months earlier.

The referee concluded that Attorney Dall neglected this client's legal matters, in violation of SCR 20.32(3), that his misrepresentation to the court concerning his client's illness and his receipt of court costs from his client violated SCR 20.36(1)(e),[11] that his misrepresentations to his client violated SCR 20.04(4), that his failure to return fees to his client after agreeing to do so violated SCR 20.16(1)(c) and that his misrepresentation to the Board violated SCR 22.07(2).

(11) In July, 1986, a man retained Attorney Dall to represent him on a charge of operating a motor vehicle while intoxicated, speeding and possession of open intoxicants in his vehicle, for which he paid him $1,080 toward a total fee of $1,500. Prior to trial, Attorney Dall entered into a plea agreement by which his client would

---

[11]SCR 20.36 provides: "**Representing a client within the bounds of the law.** (1) in his or her representation of a client, a lawyer may not: . . . (e) Knowingly make a false statement of law or fact."

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:3.1.

plead guilty to the OWI and open intoxicants charges in exchange for dismissal of the speeding charge. It was also agreed that the scheduled trial would be canceled and a plea hearing scheduled. Attorney Dall entered into that agreement without his client's authorization and never submitted the written agreement to his client for signature. Attorney Dall failed to notify his client of a rescheduled trial date and, as a result, a default judgment was entered against the client.

During the course of the Board's investigation of the client's grievance, Attorney Dall stated that the client had agreed to enter a plea to the charges and that he had orally advised the client of the trial date. In fact, however, the client had not agreed to enter a plea and Attorney Dall did not advise him of the trial date.

The referee concluded that Attorney Dall neglected this legal matter, in violation of SCR 20.32(3), that his agreement to enter a plea on his client's behalf without his client's knowledge or consent constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4), and that his misrepresentations to the Board violated SCR 20.04(4) and 22.07(2).

(12) In October, 1983, a woman retained Attorney Dall to represent her in a claim of employment discrimination. The Equal Rights Division and the Equal Employment Opportunity Commission had initially determined there was no probable cause to find discrimination and the client's appeal was denied.

Attorney Dall requested a copy of the EEOC hearing transcript and asked the EEOC to issue a right to sue letter so that he could file a discrimination action in federal court. He also told his client he would file that suit on her behalf. Attorney Dall had 90 days from the date of the EEOC's letter to file an action but he never did. Likewise, after the Equal Rights Division issued an

adverse decision on the client's claim, Attorney Dall had 20 days to file a petition for review. He did not do so.

Attorney Dall later told the client it would be several years before the federal action were completed and the client waited more than two years before contacting him regarding that suit. Attorney Dall then told her he had not heard anything regarding the action and that she would have to continue to wait. He did not respond to the client's subsequent inquiries.

In response to the Board's investigation of this grievance, Attorney Dall said he had not agreed to file a federal action for the client but had advised her that such an action would be frivolous. In fact, Attorney Dall did agree to file the action and did not advise the client that it would be frivolous.

The referee concluded that Attorney Dall neglected this client's legal matters, in violation of SCR 20.32(3), and that his misrepresentations to his client and to the Board violated SCR 20.04(4) and 22.07(2).

In his appeal from the referee's recommendation that his license to practice law be revoked as discipline for the totality of his professional misconduct, Attorney Dall argued that mitigating factors warrant the imposition of less severe discipline. Specifically, he asserted, appropriate discipline would be a suspension of his license to practice law for a period of one year.

As mitigating factors, Attorney Dall claimed that all of his misconduct arose from the high volume of legal work he was performing and his inexperience in the practice of law in attempting to deal with it. He also claimed to have been rehabilitated, principally by having reduced what had become, in his words, an "overwhelming caseload." He cited the fact that he has practiced for three years without complaints that he engaged in pro-

fessional misconduct as support for his claim of rehabilitation.

We do not accept Attorney Dall's assertion of mitigating circumstances. A high volume practice and relative inexperience neither explain nor excuse charging excessive fees to clients, advising clients to ignore court orders or making misrepresentations to a court, to clients and to the court's Board investigating misconduct allegations. Responding to Attorney Dall's claims of mitigation, the referee stated, "These egregious violations cannot be excused under any circumstances or minimized because he was willing to assume responsibility and accept fees for more professional services than he could properly render." We agree.

We also agree with the referee's assessment that Attorney Dall's numerous and repeated acts of professional misconduct "strike at the very heart of the integrity of our legal system." Further, Attorney Dall's attempts to blame that misconduct on his youth and inexperience bespeak of failure to comprehend the seriousness of his actions and their harmful effect on his clients and on the public's confidence in the legal system and in those who practice in it.

IT IS ORDERED that, effective January 1, 1991, the license of Tarly Dall to practice law in Wisconsin is revoked.

IT IS FURTHER ORDERED that within 60 days of the date of this order Tarly Dall pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Tarly Dall comply with the provisions of SCR 22.26 concerning the

duties of a person whose license to practice law in Wisconsin has been revoked.